# Brown *v.* Marmaduke, Appellant.

*Negotiable instruments — Promissory notes—Judgment note — Payment by third person—Purchase—Presumption of purchase—Extinguishment—Court and jury—Case for jury.*

1. Where a stranger to a note voluntarily pays and extinguishes the indebtedness, he cannot recover against the maker; where the transaction between him and the holder of the note is a purchase, he can enforce payment against the maker.

2. Whether the payment of an indebtedness by a stranger to the creditor is a purchase or an extinguishment of the debt depends upon the intention of the parties at the time the transaction takes place. It is prima facie a purchase. Where the evidence is conclusive, the question of intention is for the court, but where the testimony would warrant different conclusions as to the intentions of the parties, the question is for the jury.

3. Both makers of a judgment note, one a principal and the other a surety, died before the amount was paid. Later the widow of the principal paid the amount of the note to the payee and the note was thereupon delivered to her. The widow then brought suit on the note against the executors of the surety and recovered. In a subsequent action by the executor of the surety, against the widow, as executrix of the principal, to recover the amount of the judgment, the defense was that the widow had paid the amount of the note individually, out of her own money, and that the debt was extinguished. It appeared that there was no assignment or transfer made on the notes but the holder thereof did not declare that he would not sell the note or that it should not be held by the widow as a purchaser with the right to recover from the makers; and two persons who were present and received the moneys for the payees at the time it was paid by the widow testified that at that time she said she wanted to pay the debts of her deceased husband and "that ended the debt" as far as the payees were concerned. *Held,* the case was for the jury and the court erred in directing a verdict for the plaintiff on the ground that there was no evidence of extinguishment of the indebtedness.

4. In such case the contention of the defendant that the right

to recover in this action was settled by the verdict and judgment in the suit brought by the widow against the plaintiffs is untenable, neither the principal nor his executrix, as such, having been a party to such suit.

5. The fact that the time of payment of a promissory note has been extended without the consent of the surety is a defense for the benefit of the surety, the use of which is optional on his part, and the fact that he has not set up such defense in an action against him by the owner of the note, and there is a recovery against him, is of no avail to the principal in an action over against the principal by the surety. The principal obligor cannot demand that his surety interpose such a defense at the risk of defeating subrogation against the principal.

Argued Jan. 11, 1915. Appeal, No. 327, Jan. T., 1913, by defendant, from judgment of C. P. Huntingdon Co., Dec. T., 1911, No. 7, on directed verdict for plaintiff, in case of Hermine Pauline Brown, Harry Brown and Lewis R. Brown, Executors of Philip Brown, Deceased, v. Frances Marmaduke, Executrix of John A. Brown, Deceased. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Reversed.

Assumpsit by a surety to recover from the executrix of his principal the amount of judgment notes which the surety was compelled to pay. Before WOODS, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs by direction of the court for $2,-646.71 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in directing a verdict for plaintiff.

*Wm. Wallace Chisolm,* for appellant.

*W. M. Henderson,* with him *H. W. Petriken,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 1, 1915:

This is an action of assumpsit to recover the amount

due on two judgment notes for $1,000 each, dated October 21, 1907, payable in one year and February 3, 1908, payable in two years, the makers of which were John A. Brown and his father, Philip Brown, the latter the surety of the former. Isaac Lamp and Mrs. David Duncan, respectively, were the payees. The notes were not paid in the lifetime of the makers. After the death of John A. Brown, his widow, Mrs. Frances Brown, now Marmaduke, paid the money due on the notes and they were delivered to her by the payees. At the end of the first year, the Lamp note was extended for one year, and at the end of the second year, the Duncan note was renewed. Mrs. Marmaduke brought suit on each note in the name of the payee to her own use against the executors of Philip Brown, deceased, the surety, and recovered a judgment in each action. These judgments were subsequently paid by the defendants, the executors of Philip Brown, deceased, who then instituted the present action against Mrs. Marmaduke as executrix of John A. Brown, deceased, to recover the amount of the judgments. The learned court below directed a verdict for the plaintiffs, and judgment having been entered thereon the defendant has taken this appeal.

It was conceded on the trial that John A. Brown was the principal, and Philip Brown, the surety, on the notes. The defense was that Mrs. Marmaduke paid the notes individually, out of her own money, and that the debt was thereby extinguished. The learned court held that there was no testimony which would warrant the conclusion that Mrs. Marmaduke intended the notes were to be extinguished at the time she paid the money and that, therefore, there was no extinguishment of the indebtedness. This was the controlling question in the case, and it should have been submitted to the jury. There was evidence which would have warranted the jury in finding in favor of the contention of either party to the suit. The defendant called no witnesses. The two parties who were present and received the money

for the payees at the time it was paid by Mrs. Marma-
duke were called as witnesses by the plaintiffs, and tes-
tified very fully as to what occurred at the time the pay-
ments were made. In reply to leading questions by the
plaintiffs' counsel, the witnesses testified that Mrs. Mar-
maduke said she wanted to pay the debts of her deceased
husband and "that ended the debt" as far as the payees
were concerned. There is nothing in the testimony,
however, which conclusively shows that it was the inten-
tion of the holders of the notes and Mrs. Marmaduke
that the indebtedness should be extinguished, or that
the parties did not consider the transaction as a pur-
chase of the notes by Mrs. Marmaduke. It is true there
was no assignment or transfer made on the notes, but
it is equally true that the holders of the notes did not
declare that they would not sell the notes, nor that they
should not be held by Mrs. Marmaduke as a purchaser
with the right to recover from the makers. As sug-
gested above, the evidence is not conclusive either way,
and hence the fact must be determined by the jury. As
the case goes back for a retrial, we will not refer to or
comment further upon the testimony.

Mrs. Marmaduke was, so far as the evidence discloses,
a stranger to the notes, and if she voluntarily paid and
extinguished the indebtedness she could not recover
against either of the makers. If, on the other hand,
the transaction between her and the holders of the notes
was a purchase and not an extinguishment of the debt,
she could enforce payment by the makers of the notes.
In order that the debt may survive it must appear that
the holders of the notes, as well as Mrs. Marmaduke,
understood or agreed that the payments should be a
purchase and not an extinguishment of the debt. A
creditor is not compelled to accept payment of his obli-
gation and transfer it to another. He has the right to
demand payment in extinguishment of his indebtedness,
but he may sell and transfer the obligation to another, in-
vesting the latter with all his rights and remedies

against the makers to compel payment. Whether the payment of an indebtedness by a stranger to the creditor is a purchase or an extinguishment of the debt depends upon the intention of the parties at the time the transaction takes place. It is prima facie a purchase: Brice's App., 95 Pa. 145; 2 Dan. Neg. Inst. Sec. 1221; 7 Cyc. of Law & Procedure 1025. In such cases the evidence may be so conclusive as to warrant the court in declaring the intention of the parties to the negotiations in delivering the notes to the party making the payment. If, however, the testimony would warrant different conclusions as to the intentions of the parties, the question is for the jury.

The extension of time for payment of the notes, claimed by the defendant to have been given the principal, will not avail the defendant as a defense in this action. Philip Brown's executors were not compelled to resist payment of the obligations on the ground that the holders of the notes had extended time for payment to the principal without consent of the surety. Such a defense is for the benefit of the surety, and it is optional with him whether he avails himself of it or not. The principal obligor cannot demand that his surety interpose such a defense at the risk of defeating subrogation against the principal.

The contention of the defendant that the right to recover in this action was settled by the verdicts and judgments in the two cases brought by Mrs. Marmaduke against the plaintiffs is untenable. John A. Brown or his executrix was not a party to those suits, and the latter may now set up any defense which would have availed him or her in a suit by the payees of the note or their transferee.

The first assignment of error is sustained, the judgment is reversed, and a venire facias de novo is awarded.