# Florence v. Delaware, Lackawanna and Western Railroad Company, Appellant.

*Negligence—Railroad companies—Fires—Sparks — Insurance — Assignment of claim—Subrogation.*

1. In an action against a railroad company to recover for the destruction of plaintiff's building by fire, alleged to have originated from sparks emitted by defendant's locomotive, the case is for the jury and a verdict for the plaintiff will be sustained where it appeared that while a locomotive of defendant was passing close to plaintiff's building it was emitting considerable smoke and sparks the size of a pea and a few moments later the roof of plaintiff's building was discovered to be on fire on the side nearest the railroad at a point about 90 feet from the track; that the engineer was using soft coal, in part, the tendency of which was to cause the emission of sparks; and that there was no fire in plaintiff's house at the time and no other possible cause appeared from which the fire on the roof might have originated.

2. In such case the court properly refused to admit evidence to show that plaintiff's buildings were insured and that the insurance company had been subrogated to the rights of the plaintiff under the policy, although one of the questions excluded was whether plaintiff had made an absolute assignment of his interest in his claim to the insurance company, where the insurance company did not appear and had given no notice of claim of ownership of the cause of action.

3. Any contract made between the debtor and the original creditor by which the debt is extinguished, either in whole or in part, is binding and valid against the creditor's assignee where no notice of its assignment has been given to the debtor.

Argued April 11, 1917. Appeal, No. 79, Jan. T., 1917, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1912, No. 681, on verdict for plaintiff, in case of James C. Florence v. The Delaware, Lackawanna and Western Railroad Company. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for the destruction of plaintiff's buildings by fire. Before O'BOYLE, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,500, and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points, instructions to the jury and the refusal of the court to direct a verdict for defendant.

*J. H. Oliver,* with him *B. R. Jones* and *D. R. Reese,* for appellant.—There was not sufficient evidence that the fire was caused by a spark emitted from defendant's locomotive to carry the case to the jury: Henderson et al. v. Phila. & Reading R. R. Co., 144 Pa. 461; Reading & Columbia R. R. Co. v. Latshaw, 93 Pa. 449.

The engine was not negligently operated: Knox v. Phila. & Reading Ry. Co., 202 Pa. 504; Newhard v. Penna. R. R. Co., 153 Pa. 417; Custer v. Balt. & Ohio R. R. Co., 206 Pa. 529; Reading & Columbia R. R. Co. v. Ritchie et al., 102 Pa. 425; Childs v. Penna. R. R. Co., 150 Pa. 73; Phila. & Reading R. R. Co. v. Hendrickson, 80 Pa. 182.

*Chas. B. Lenahan,* for appellee.—There was sufficient evidence to show the cause of the fire: Badman v. Penna. R. R. Co., 42 Pa. Superior Ct. 531; Mellinger v. Penna. R. R. Co., 229 Pa. 122; Frey v. Penna. R. R. Co., 244 Pa. 443; Knickerbocker Ice Co. v. Penna. R. R. Co., 253 Pa. 54; Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497; Emig v. Northern Central Railway Co., 43 Pa. Superior Ct. 432; Showalter v. Mutual Fire Ins. Co. of Chester County, 3 Pa. Superior Ct. 452.

It was not a defense against the plaintiff that there might have been an equitable assignment of the suit in favor of an insurance company: Campbell v. Galbreath, 5 Watts 423; Armstrong v. Lancaster, 5 Watts 68; Walsh v. Wilkes-Barre, 215 Pa. 226.

OPINION BY MR. JUSTICE FRAZER, June 30, 1917:

Defendant appeals from a verdict and judgment for plaintiff for loss of farm buildings by fire alleged to have resulted from sparks negligently emitted from one of defendant's locomotives. The principal questions raised by the assignments of error are the sufficiency of the evidence to warrant the jury in finding the fire was in fact due to the cause alleged, and whether defendant was negligent either in the equipment or operation of its engine.

In cases of this character there are three means by which negligence of defendant can arise: (1) from an inefficient style or pattern of spark arrester; (2) the spark arrester being in a state of disrepair; (3) from the negligent operation of the engine: John Hancock Ice Co. v. Perkiomen R. R. Co., 224 Pa. 74. The trial judge in his charge stated he found no testimony tending to show the engine alleged to have caused the fire was not equipped with a spark arrester of efficient form and design or that the arrester was not in proper condition and repair and also affirmed defendant's points to substantially the same effect. This instruction supported by the record eliminates these matters and leaves for consideration merely the questions of proof of cause of the fire and the negligent operation of the locomotive.

Plaintiff's farm is situated along defendant's road between Halstead and New Milford, Susquehanna County. On May 23, 1912, an unusually hot day, a rail in defendant's westbound track became badly warped at a point near plaintiff's buildings and engine No. 844 was dispatched with a repair gang to make the necessary repairs. Two westbound trains held up by reason of the defective track were backed to New Milford and transferred to the eastbound track that they might pass the obstruction caused by the warped rail and engine No. 844 preceded each of these trains as a pilot to clear the track and avoid collisions, going first to New Milford and immediately returning to Halstead, passing plaintiff's buildings in making each trip. Upon the second trip while passing

plaintiff's farm the engine was emitting considerable smoke, puffing heavily and running quite rapidly for an engine of its type. A few minutes later the roof of plaintiff's dwelling was discovered to be on fire on the side nearest the railroad at a point about ninety feet from the track. According to the testimony of a witness who rode on the tender, the engine was running fast and emitting sparks about the size of a pea, a number of which fell on the witness. There was no fire in plaintiff's house at the time and no other possible cause shown from which the fire on the roof might have originated other than from sparks emitted by defendant's engine. These circumstances make the question of the origin of the fire clearly for the jury under the rule stated in Knickerbocker Ice Co. v. Penna. R. R. Co., 253 Pa. 54.

As to the negligent operation of the engine, in addition to the testimony referred to above, to the effect that the engine was puffing and laboring as it passed plaintiff's buildings, the testimony shows an upgrade in the roadbed at that point going in either direction, although practically without grade directly opposite the buildings. Defendant's engineer testified he was using mixed coal consisting of about one-tenth buckwheat, or hard coal, and nine-tenths soft coal, subsequently correcting his testimony, however, by saying the proportions of hard and soft coal were the reverse of his previous statement, or one-tenth soft and nine-tenths hard. The testimony of another witness was to the effect that an unattached engine running light would ordinarily throw out sparks, the quantity depending upon the operation of the engine to some extent, as well as the character of the fuel used, the tendency of soft coal being to allow particles of the fuel in a half-burned condition to be emitted from the smokestack to expand upon reaching the open air and continue to burn for some time. In view of the fact that the engine was running free on a practically level track at the time of passing plaintiff's buildings and throwing out sparks, the question whether it was being

negligently operated was, under existing circumstances, properly for the jury. The case is similar to Badman v. Pennsylvania R. R. Co., 42 Pa. Superior Ct. 531, and Wagener v. Philadelphia & Reading Ry., 235 Pa. 559, and is ruled by the principles therein stated.

The third to sixth assignments of error complain of the refusal of the court to admit evidence to show that plaintiff's buildings were insured and the insurance company had been subrogated to the rights of plaintiff under the policy. Our courts have held uniformly that evidence that injury resulting from negligence was protected by insurance is irrelevant to the issue and will not be received. Defendant contends, however, the present case is to be distinguished for the reason one of the questions excluded was whether plaintiff had not made an absolute assignment of his interest in the claim to the insurance company. Assuming the existence of such assignment, it does not appear in what manner the transfer could affect the rights or liability of defendant in this proceeding. The assignee, the insurance company, is not complaining that plaintiff was not entitled to maintain the action and no offer was made to prove notice of such assignment by the insurance company to defendant. In Guallagher v. Caldwell, 22 Pa. 300, this court said (page 302) : "It is impossible to conceive upon what principle of justice a debtor should be prejudiced by an assignment of which he knows nothing. If the party whose interest and duty it is to give him notice, so that he can regulate his conduct according to his new relations, makes it a point to keep him ignorant, he should certainly not be compelled to suffer; since one man is not to answer for the default of another. Down to the moment of notice, the debtor may do whatever he could legally have done if no assignment had been made. Any contract which he makes with the original creditor by which the debt is extinguished, either in whole or in part, is binding and valid against the assignee."

The question here is not whether the insurance com-

pany, if an assignment to it had in fact been made, could maintain an action against defendant in its own name, but whether defendant was in a position to set up against the claim of plaintiff for the injury done him an alleged assignment to a third party who does not appear and has given no notice of claim of ownership of the cause of action. In any case, the rights of the insurer, the assignee, must be worked out through the rights of the assignor, the insured, and the former stands in the place of the latter and takes subject to every defense and to all equities existing between the original parties.

The assignments of error are overruled and the judgment affirmed.