## Furman et al. v. Hill.

*Evidence — Ownership of automobile — Certified copy of registration and vendor and vendee papers.*

On the ground of necessity, in order to prove defendant's ownership of an automobile, a copy, certified under the hand and seal of the State Highway Commissioner, of the registration of the car as owned by the defendant, as well as similar certified copies of the vendor and vendee papers, is admissible in evidence.

Trespass. Rule for new trial. C. P. Berks Co., April T., 1921, No. 28.

*John B. Stevens,* for defendant and rule.

*W. B. Bechtel* and *M. B. Hoffman,* contra.

ENDLICH, P. J., Dec. 23, 1922.—In this case of trespass, which arose out of a collision between two automobiles on Aug. 29, 1920, one of the issues raised by the pleadings was the question of the defendant's ownership of one of the cars at the time of the collision. The plaintiff offered as proof of defendant's ownership a copy, certified under the hand and seal of the State Highway Commissioner, of the registration of the car on Jan. 19, 1920, as owned by the defendant. The offer was objected to upon the ground that the fact sought to be proved is not provable by certified copy of the registration, but, as insisted upon at the argument, only by the production of the records themselves. Similar certified copies of the vendor and vendee papers were also offered, objected to and admitted to show that the ownership of the car by the defendant continued until March 30, 1921.

It was declared by Chief Justice Tilghman, in Garwood *v.* Dennis, 4 Binn. 314, 326, that "necessity, either absolute or moral, is sufficient ground for dispensing with the usual rules of evidence"—a principle recognized in our jurisprudence ever since: see Rodgers *v.* Stophel, 32 Pa. 111, 113; Mish *v.* Wood, 34 Pa. 451, 454; Wagener *v.* Railway Co., 235 Pa. 559, 563; Com. *v.* Barr, 25 Pa. Superior Ct. 609, 613; Com. *v.* Drum, 42 Pa. Superior Ct. 156, 167. The application of that principle to the question before the court lies on the surface and need not be discussed.

The rule to show cause is discharged.

From Wellington M. Bertolet, Reading, Pa.