Farm Bureau Mutual Automobile Insurance Co.,
Appellant, *v.* Markel Service, Inc.

Argued April 15, 1955. Before HIRT, ROSS, GUN-
THER, WRIGHT, and WOODSIDE, JJ. (RHODES, P. J., and
ERVIN, J. absent).

*Lee E. Whitmire, Jr.,* with him *Swaney & Whitmire,*
for appellant.

*Charles McC. Barrickman,* with him *Wallover & Barrickman,* for appellee.

OPINION BY WRIGHT, J., September 28, 1955:

An action in assumpsit was instituted by Farm Bureau Mutual Automobile Insurance Company, the plaintiff, against Markel Service, Inc., also an automobile insurance company, the defendant. The court below sustained preliminary objections on the ground that the complaint did not state a cause of action, and entered judgment in favor of the defendant. This appeal followed.

Appellant (Farm Bureau) carried the collision insurance on a Ford truck owned by Charles W. Miller, and appellee (Markel) carried the public liability and property damage insurance on a bus owned by the Gradison Auto Bus Company. On November 3, 1952, the Miller truck was damaged to the extent of $161.50 in a collision with the Gradison bus. On November 19, 1952, in accordance with the terms of the collision policy which contained a $100.00 deductible provision, appellant reimbursed Miller to the extent of $61.50 and took from him a "release and subrogation assignment". On the same date, appellant gave written notice to appellee that it had settled with Miller under its collision policy and was entitled to the right of subrogation. Thereafter appellee, notwithstanding said notice, made direct settlement with Miller.

Appellant's position is that "the facts alleged establish a legal debtor-creditor relationship between the appellant-plaintiff and appellee-defendant". It is contended that, as a result of the collision, Gradison owed Miller money for the damages to his truck; that, by virtue of appellant's payment to and assignment from Miller, Gradison became appellant's debtor; and that, "for all practical purposes, Gradison and Markel are

one and the same, and, thereby, Markel is indebted to Farm Bureau". No authority has been advanced to support this ingenious argument, and we perceive no merit in it. The only case cited in appellant's brief is *Ertel v. McCloskey,* 167 Pa. Superior Ct. 120, 74 A. 2d 652, which is clearly inapposite.

The fact that Markel voluntarily settled with Miller is not evidence of Gradison's liability. See *Broderick v. Great Lakes Casualty Co.,* 152 Pa. Superior Ct. 449, 33 A. 2d 653. Appellant concedes that Miller's release extinguished his right of action in tort. As pointed out by Judge SOHN of the court below, "no contractual relation between Farm Bureau and Markel is alleged". Nor is appellant's suit based upon the theory that Markel induced Miller to breach his contract with Farm Bureau. See *Klauder v. Cregar,* 327 Pa. 1, 192 A. 667.

Judgment affirmed.