## Taussig v. Cleveland Brothers Equipment Co.

*William W. Lipsitt*, for plaintiff.

*William J. Madden, Jr.*, for defendant.

SOHN, J., November 17, 1958.—We have before us in this case the question of the interpretation of the word "party" as used in Pa. R. C. P. 4009 (1). It is neces-

sary that we give a history of the case in order that we may arrive at a satisfactory conclusion as to what the aforesaid term means.

Cleveland Brothers Equipment Co., on or about July 7, 1954, sold to Livengood, Inc., certain heavy machinery or equipment under a security agreement which called for periodic payments. On or about October 1, 1957, defendant, Cleveland Brothers Equipment Co., declared the purchaser in default, retook the equipment and sold it at public sale, under the provisions of the Pennsylvania Commercial Code. At that time, Livengood, Inc., was admittedly still indebted to defendant under the agreement in the amount of $207.55, plus interest from June 20, 1955. At the public sale thereof, defendant purchased the equipment for $11,695.73. Defendant applied the proceeds, first to the debt under the agreement, and then applied the balance to other claims against Livengood, Inc. Defendant's bid at public sale equaled the total of all its claims against Livengood, Inc.

Ralph J. Taussig, a stranger to defendant, then instituted this action, alleging that defendant was indebted to Livengood, Inc., for all the proceeds of the aforesaid public sale in excess of the admitted balance still due under the contract. Taussig, plaintiff, pleaded an assignment to him of the claim of Livengood, Inc., for the said excess proceeds.

On petition of defendant, who averred that it was necessary to sustain its defense of set-off, our court issued a rule on Livengood, Inc., to show cause why defendant should not be permitted to inspect the books and records of Livengood, Inc., so far as they pertained to transactions between the two companies. Livengood, Inc., filed a motion to dismiss the rule, and this argument is now upon that motion.

The question for us to determine is whether Livengood, Inc., is a party to the action within the meaning

of that term as used in Pa. R. C. P. 4009(1) so as to give this court jurisdiction to issue the order prayed for by defendant.

Defendant in its answer, containing new matter and a counterclaim, avers in the ninth paragraph thereof the following:

"9. The majority stockholder and the person in control of Livengood, Inc., Plaintiff's assignor, is one Mahlon Livengood. The said Mahlon Livengood is also the majority stockholder and in control of a corporation organized and existing under the laws of the Commonwealth of Pennsylvania under the name, 'Livengood Construction Corporation'."

In the tenth paragraph defendant alleges the following:

"10. Defendant has transacted business with Mahlon Livengood for many years and except for one occasion, all business has been conducted with him through his corporation, Livengood, Inc."

In the eleventh paragraph of said new matter defendant avers:

"The said Mahlon Livengood has repeatedly disregarded the corporate identities of Livengood, Inc. and Livengood Construction Corporation, has intermingled the funds and accounts and assets of the said corporations, and so conducted business of both corporations that for the purpose of this action, separate identities of the said corporations must be ignored and the liabilities of either attributed to the other."

The twelfth paragraph thereof avers:

"12. The said Mahlon Livengood in the operation and control of Livengood, Inc. has adopted assumed and fictitious names in conducting business with Defendant as follows, to-wit:

"Mahlon Livengood
"Mahlon Livengood, Inc.
"Livengood Construction Co., Mahlon Livengood

"Livengood Construction Co.

"Livengood Company, Inc.

"Livengood Construction Company, Inc."

If these averments are true and correct, we must assume that defendant has good and sufficient reasons for its request to inspect the books and records of Livengood, Inc. We must likewise assume that the inspection is necessary to enable defendant to prove its defense.

As bearing on the question of who is a party under rule 4009(1), we must likewise consider the fact that plaintiff in this case, as the assignee, has stepped into the shoes of the assignor, Livengood, Inc.

Rule 4009 of the Rules of Civil Procedure under the heading of "Right to Inspection" provides the following:

"Subject to the limitations provided by Rule 4007(a) and Rule 4011, the court, on the motion of a party may

"(1) *order a party* to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner of designated tangible things, including documents, papers, books, accounts, letters, photographs and objects, *which are in his possession, custody or control*; or

"(2) *order any party* to permit entry upon designated land or other property in his possession or control for the purpose of inspection, including measuring, surveying and photographing the property or any designated object or operation thereon." (Italics supplied.)

The commentary in both Goodrich-Amram and in Anderson's Pennsylvania Civil Practice, 5 Anderson Pa. Civ. Pract. 243, relative to rule 4009 indicates that it is the belief of both commentators that this rule must require that the person against whom the discovery is sought must be a party to the action. Many cases are cited to that effect, which may be found in

both volumes. However, we can find no case which relates to a situation such as confronts us in this case, namely, where an assignee has stepped directly into the shoes of an assignor against whom this rule could have clearly been sought had the action not been assigned.

In considering the situation developed by the pleadings in this case, we must consider that if Livengood, Inc., as plaintiff, had attempted to enforce its claim by bringing an action against defendant, defendant could have without question exercised the rights given by Pa. R. C. P. 4009(1) and could have inspected Livengood, Inc.'s, books and records to prove a defense of set-off, but Livengood, Inc., has assigned its claim to plaintiff, Taussig. Certainly defendant here still has available the same defense it could have maintained against Livengood, Inc. But by a simple act of assignment, Livengood, Inc., has deprived defendant of its opportunity to prove its defense. Defendant likewise "may not question the motive or purpose underlying the assignment, or set up lack of consideration as a defense": Ertel v. McCloskey, 167 Pa. Superior Ct. 120, 123 (1950). By this simple assignment, Pa. R. C. P. 4009(1) has been circumvented and nullified. This brings about an almost unbelievable result, when it appears that both the assignor and the assignee knew that the claim assigned was in dispute and would have to be litigated. Certainly, the Supreme Court in adopting Pa. R. C. P. 4009(1) did not intend the word "party" as used in that rule to exclude an assignor in an action brought by an assignee.

We are led to this conclusion by Pa. R. C. P. 126, Pa. R. C. P. 127 and Pa. R. C. P. 128.

Pa. R. C. P. 126 provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable."

Simple justice requires that Pa. R. C. P. 4009(1) shall be liberally construed where the failure to do so can only result in a complete denial of justice. The denial of the right to inspection under the facts in this case cannot be sustained either by logic or reason. To adopt such a position is to come into direct conflict with Pa. R. C. P. 128(a) which provides:

"In ascertaining the intention of the Supreme Court in the promulgation of a rule, the courts may be guided by the following presumptions among others:

"(a) That the Supreme Court does not intend a result that is absurd, impossible of execution or unreasonable."

We must also consider Pa. R. C. P. 127. This rule states:

"(a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.

"(b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

"(c) When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters (1) the occasion and necessity for the rule; (2) the circumstances under which it was promulgated; (3) the mischief to be remedied; (4) the object to be attained; (5) the prior practice, if any, including other rules and Acts of Assembly upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous history of the rule; and (8) the practice followed under the rule."

It has been argued that defendant is not without a remedy as it can obtain discovery by depositions and

secure the production of the documents at the time of taking depositions by means of a subpoena duces tecum. Such a procedure would fall far short of the results which could be obtained by the copying, inspection and photographing of documents under rule 4009. It has been argued that if we extend the provisions of the rule to include the assignor in this case, it may then be asked how far we should go in extending the rule. We feel that the rule should be extended until a valid reason appears for refusing to extend it. So far, in interpreting the rule and the decisions promulgated under it, we can find nothing which applies to the present situation. We are well aware that subsection (*b*) of rule 127 provides:

" . . . When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

However, under the peculiar facts of this case, a literal application of "the letter" of the rule would result here in an absurd and unreasonable conclusion. This is sufficient proof that the rule is not "clear and free from all ambiguity."

We now, therefore, make the following

### Order

And now, November 17, 1958, the petition to dissolve the rule to show cause why defendant should not be permitted to inspect certain books and records is hereby refused and denied, and defendant is permitted to inspect, copy or photograph all of the documents, papers, books, accounts, letters, checking accounts, bank statements and any other matter in the possession of Livengood, Inc., pertaining to any business or transaction between defendant and Livengood, Inc., as is requested in defendant's petition.