## Clark *against* Clark.

Arrears of alimony due at the death of the wife in the case of a divorce *a mensâ et thoro*, are not recoverable from the husband by the personal representatives of the wife. But if during the life of the wife the husband unjustly avoids the payment, by reason of which the wife contracts debts, and her representatives sue for the use of her creditors, then they may recover.

A husband is entitled to letters of administration upon his wife's estate; and if they issue to a third person, he will be a trustee for the husband; but in an action by him against the husband, the regularity of the letters of administration cannot be impeached.

ERROR to the Common Pleas of *Washington* county.

Joseph Henderson, administrator of Grace Clark, against Josiah Clark. Grace Clark, the plaintiff's intestate, charging her husband, Josiah Clark, the defendant, with adultery, obtained a divorce *a mensâ et thoro*, and the court decreed that he should pay her one dollar a week until the next term: at the next term the court made another decree for the payment of the same sum for another period: and, eventually, the court decreed the payment of the same sum until the parties should become reconciled. After the lapse of three years, Josiah Clark having left the State, a foreign attachment was issued, at the suit of Grace Clark, against him, in which she declared in debt upon the several decrees made in her favour. After the suit was brought, the plaintiff died, and her administrator was substituted.

The defendant appeared and pleaded specially:—

That the plaintiff ought not to have and maintain his action aforesaid because he saith that the said Joseph hath no right to administer on the estate of the said Grace, he the said Josiah having been lawfully married to the said Grace, in her lifetime, and no sentence of divorce from the bonds of matrimony having ever been decreed between the said Josiah and the said Grace, and he never having assented to the issuing of the same. He therefore prays judgment, &c.

And for further plea saith that no action can or ought to be maintained on the decree in the said plaintiff's declaration mentioned, as the same did not survive to the use of the administrators of the said Grace, &c. And therefore he prays judgment, &c.

And for further plea saith that the said plaintiff ought not to have and maintain his action aforesaid, as no action of debt or other action at law can be maintained on the decree or sentence in the said declaration mentioned. And therefore he prays judgment, &c.

VI. — H

[Clark v. Clark.]

To these pleas the plaintiff demurred, and the defendant joined in the demurrer. And the court below (Ewing, President) gave judgment for the plaintiff.

*Alden* and *Marsh*, for plaintiff in error, in support of the first plea, cited *Toll. Law of Ex'ors* 57; *Burns's Ec. Law* 278 *a*; 1 P. *Wms.* 378; *Com. Dig., tit. Baron and Feme*; *Strange* 891. As to the third plea, 2 *Dall.* 123; 2 *Burns's Ec. Law* 505 *a*; 17 *Serg. & Rawle* 9; 1 *Whart.* 63; 15 *Mass.* 197; 4 *Mass.* 588; 13 *Mass.* 264.

*M'Kennan*, contra, cited 9 *Serg. & Rawle* 252; 6 *Cowen* 496; 4 *Mass.* 130; 15 *Mass.* 196; 1 *Whart.* 63; 7 *Simons* 22; S. C., 9 *Con. En. Ch. R.* 460.

The opinion of the Court was delivered by

Rogers, J. — A husband who survives his wife, by the Act of the 8th April 1833, is entitled to take her whole personal estate, and in England, to her property not reduced into possession, as her administrator. Even in this State, notwithstanding the Act cited, the proper mode of recovering her choses in action will be in the capacity of administrator. But although the husband may, yet he is not bound to take out letters, as he may waive the right to the administration in favour of a third person, who will be a trustee of the assets for the benefit of the husband. The letters of administration were regularly granted to the plaintiff; it is, therefore, incompetent, in this suit, to impeach their regularity. And this depends on principles which are so fully established, that it is only necessary to refer generally to the authorities which have been cited in the argument. But can a suit be sustained for arrears of alimony, at her death, by her executors against her surviving husband? On this point there is some uncertainty. Thus in *Stones* v. *Cooke*, (7 *Simons* 22), a bill was filed by the executors of the defendant's deceased wife for alimony, which the defendant had been ordered by a decree of the Ecclesiastical Court to pay to her. The defendant put in a general demurrer. Sir L. Shadwell, V. C., after having consulted with the Ecclesiastical Court, said, that the better opinion seemed to be, that the Ecclesiastical Court would allow the wife's executors to enforce payment of the arrears of alimony against the husband. If that were so, a bill in chancery, the vice-chancellor observed, was unnecessary, as the principle on which the court grants a *ne exeat* against the husband, is that the Ecclesiastical Court has no power to compel him to give bail. But as it was not so clear that the Ecclesiastical Court would, in a case like the present, decree an account and payment of alimony, as to justify him in allowing the demurrer, it was overruled. But on appeal, Lord Lyndhurst, chancellor, allowed the demurrer, and said that the argument that the party would be without remedy because executors could not maintain a

[Clark v. Clark.]

suit in the Ecclesiastical Court, operated against the bill, as show-
ing that the claim must cease with the wife's death. He observed,
that there was no instance of such a bill filed against a husband;
nor did the authorities warrant it; and the non-interference of the
Ecclesiastical Court did not found any jurisdiction in the Court
of Chancery. 3 *Jurist* 1116, approved by Lord COTTINGHAM,
*Stones* v. *Cooke,* (8 *Simons* 321, *n.*)

And this principle results from the relations of husband and
wife. A sentence of divorce *a mensâ et thoro* does not so far de-
stroy the relation of husband and wife as to make the latter a
feme sole; such a sentence merely suspends, for a time, some of
the obligations arising out of that relation. A woman divorced
*a mensâ et thoro,* and living separate and apart from her husband,
cannot be sued as a feme sole, unless in the known excepted cases
of abjuration, exile, and the like, where the husband is considered
as dead, and the woman as a widow. The same holds good where
she is divorced *a vinculo.* *Marshall* v. *Rutton,* (8 *T. R.* 545);
*Hyde* v. *Price,* (3 *Vez.* 343); *Lean* v. *Schutz,* (2 *Black.* 1195).
Alimony is not considered the separate property of the wife, but it
is that proportion of the husband's estate which the court allows
her for her present subsistence and livelihood according to law,
when they decree a separation from bed and board. In *Vander-
gucht* v. *De Blaquiere,* (8 *Simons* 315), it was attempted to assimi-
late alimony to the separate use of a woman, but the court denied
the similitude, for alimony is liable to be varied by the court
according to the husband's circumstances. A married woman,
divorced from her husband, and entitled to alimony under the
sentence of the Ecclesiastical Court, accepted a bill of exchange
for articles of dress supplied to her by the drawer, and made pay-
able at her banker's, to whom her alimony was paid. It was held
she did not thereby charge her alimony. The bill was filed by the
husband of a milliner against a lady and her trustees named in a
deed of separation between her and her husband, and it prayed an
injunction to restrain certain sums from being paid to the wife,
until the plaintiff was paid a bill of £225 due to her for millinery.
An injunction having been granted, it was dissolved, and a dis-
tinction taken between her separate estate and alimony. The
former she had a right to charge, but the latter she has not, be-
cause it is given for her support and maintenance from year to
year. In case of a divorce *a mensâ et thoro,* she ought to apply
her alimony to her support, as her occasions may require; and if
those who know her condition, instead of requiring immediate
payment, give credit to her, they cannot sue her. *Beard* v. *Webb,*
(2 *Bos. & Pul.* 93); *Marshall* v. *Rutton,* (8 *T. R.* 545); *Murray* v.
*Barlee,* (3 *M. & K.* 220).

As a divorce *a mensâ et thoro* does not destroy the relation of
marriage, but merely suspends some of the obligations arising out
of that relation, it follows that the right, as regards succession

to property, is not impaired. Thus a wife, after a divorce on account of cruelty, is dowable of her husband's land. *Stowel's Case*, (*Cro. Car.* 463). So a husband is tenant by the curtesy of his wife's lands. The husband is also entitled to her personal property, and he may release a legacy given to his wife, notwithstanding a divorce. Thus a wife obtained a sentence of divorce on account of the husband's adultery: the wife sued in the spiritual court for a legacy given to her; in answer, the release of the husband after the divorce was pleaded, and the court held that inasmuch as the sentence did not avoid the marriage absolutely, but they remained husband and wife, the release of the husband was effectual. *Cro. Eliz.* 908; 1 *Salk.* 123. But it has been held that a husband, after a divorce, cannot release costs awarded to the wife in a suit of defamation. *Motteram* v. *Motteram*, (*Buls.* 264); *Chamberlaine* v. *Hewson*, (5 *Mod.* 70). The reason the release will not bar the wife, is, because the costs come in lieu of what she has spent out of her alimony, which is a separate maintenance, and not in the power of the husband. 8 *Bac. Ab., tit.* "*Baron and Feme*" 482. Thus it appears that the title to property, whether dower, curtesy or personal estate, is affected by a divorce according to the nature of the divorce; for if it be a dissolution of the marriage and then only, the rights consequent upon it will cease. But where the bond of matrimony is not dissolved, as in case of a divorce *a mensâ et thoro*, the rights of the parties, so far as regards succession to property, remain as before.

From this it would result, that the arrears of alimony belong to the husband; and it would seem to be against right to compel him to pay to another that which belongs to himself. And this may have been avoided by the husband, who might, upon a proper application, have the letters of administration set aside; but this he has not thought proper to do; and it cannot be done, as has been already said, collaterally. This case is peculiar in its circumstances, and upon equitable grounds only can a suit be sustained. In *Stones* v. *Cook*, (9 *Cond. E. C. R.* 460), the doubt was whether the Ecclesiastical Court could give a remedy, and if they could not, it seems to be conceded that a bill would lie by the executors of a married woman to recover arrears of alimony due at her death. Here the administrators sue for the benefit of the creditors of the wife, who will be without remedy unless this action can be sustained. After the sentence of the court decreeing alimony, the husband withdrew himself from the jurisdiction of the court, so that it became impossible, by his own act, to enforce the decree by attachment. It is true, that alimony is given to the wife for her support; and, unlike her separate estate, it is not chargeable for her debts, and that in ordinary cases persons trust her at their own peril; but what is a wife to do, when the husband obstinately refuses to pay, and withdraws himself from the jurisdiction of the court by abjuring the State? She has no pro-

[Clark v. Clark.]

perty, except her alimony, and if that is not paid, she must contract debts, which debts must be paid by the husband, or out of the arrears of her alimony. He cannot escape from the consequences by his own improper act. Here the only remedy is by an attachment against the land of the husband; and of this remedy we will not deprive the creditors; nor would we have prevented the wife from a similar proceeding in her lifetime. If after payment of the debts anything should remain, the administrator will hold it for the use of the husband, on the principle before stated.

As to the technical difficulty, whether an action of debt lies for alimony decreed on a sentence of divorce, it seems to be settled in *Howard* v. *Howard*, (15 *Mass.* 196). The sum is ascertained by the decree of the court. It is certain; and this appears of record, in the nature of definitive decree. Besides, this is an equitable relief; and, as we have no Court of Chancery, the form of action is no barrier to the recovery.

Judgment affirmed.