WILLARD HOLBROOK *vs.* SILAS A. COMSTOCK, Administrator.

A husband who has entered into an agreement with his wife for a separation, and given a bond to a third person to secure the performance by him of the award of arbitrators appointed to determine " what allowance shall be made and paid by him to his wife by way of alimony for her support and maintenance during the existence of the coverture between them," which has since been fixed by their award at a certain sum payable quarterly, to be disposed of by the wife for the maintenance of herself and her daughters, " or otherwise as if she were a feme sole," cannot, after the death of his wife, maintain a bill in equity to restrain the obligee in the bond or his representatives from prosecuting a suit at law to recover arrears of such allowance, without alleging that she made no disposition of her property by will, and that no person has any legal or equitable claim upon her property.

CHAPMAN, J.   The plaintiff and Silas Comstock, the defendant's intestate, entered into an agreement which was put into the form of bonds given by each to the other.   This agreement, and the award of the referees under it, provided for the separation of the plaintiff and his wife Alice M., who was the daughter of Silas Comstock; also for a division of property between them, and for the care, custody and maintenance of their three children, the son being placed with his father, and the two daughters with their mother.   The plaintiff was indemnified against all liability for her support and for her debts; and was not to claim or intermeddle with any property which might be given or devised to her, or which she might earn or otherwise acquire; but she was to have the right to enjoy and dispose of the same, by deed, will or otherwise, as if she were a feme sole.

By the award, certain property was given to her; and the plaintiff was to pay her " fifteen dollars quarterly as long as the decision of the arbitrators should remain."

The plaintiff neglected to make the payments until a suit was brought against him, and judgment rendered thereon for the penalty of his bond on the 15th of June 1848.   He then paid the arrears up to that time on execution, but has paid nothing since.   His wife died on the 7th of February 1860, and the defendant as administrator of the estate of Silas Comstock, who has also deceased, is now prosecuting a suit against the plaintiff to recover the amount due to the time of her death.

This bill in equity is brought to enjoin the defendant from the further prosecution of that suit, because, as the plaintiff alleges, the said arrears belong to him, and could only be recovered by the defendant for his use and benefit.

The ground of this claim is that these sums were to be paid to his wife as mere alimony or pin money, and that if a wife dies leaving arrears of alimony or pin money due from her husband, such arrears cannot be recovered.

Alimony is not considered to be the separate property of the wife ; but it is that portion of the husband's estate which is allowed her for her present subsistence and livelihood. It is unlike property held for her sole and separate use. She ought to apply it exclusively to her support; and upon her death the arrears belong to her husband, subject only to the payment of her debts. Bishop on Marriage & Divorce, *c.* 28. *Vandergucht* v. *De Blaquiere,* 8 Sim. 315. *Clark* v. *Clark,* 6 W. & S. 85. Pin money is of the same character. 2 Story Eq. Jur. § 1375 *a.* It is for this reason that the executor of the wife cannot recover any arrears of either alimony or pin money against the husband, except for the payment of debts.

But we are of opinion that the money due upon the plaintiff's bond was not of this character. It is true that the bond provides that the arbitrators shall award and determine " what allowance shall be made and paid by the said Willard to the said Alice by way of alimony for her support and maintenance during the existence of the coverture between them." But the word " alimony " is not used in its technical signification ; for what she receives is to be enjoyed by her or disposed of for the maintenance of herself and her daughters, " or otherwise as if she were a feme sole." It is therefore to be received by her rather as an annuity than as alimony or pin money.

The bill, after setting forth the marriage, the separation, the two bonds, the decease of the wife, and the pendency of the defendant's action, denies the existence of any debts against the wife, so far as the plaintiff has knowledge ; and offers to give security for their payment if any exist. But it does not negative the existence of a will, and it was admitted at the argu-

ment that the plaintiff's wife left one.   Nor does it negative the existence of other legal or equitable claims upon the property. If there is a will, or if there are such claims, the court cannot, in this suit, inquire into their validity ; but the plaintiff should be left to contest those matters with the persons interested in suits or proceedings to which they shall be parties.   In the present suit they are not parties, and have no opportunity to be heard.                                        *Demurrer sustained.*

*P. C. Bacon,* for the defendant.

*D. Foster,* for the plaintiff.