ARTHUR WILKINSON & others vs. JOHN A. STITT & others.

Bristol.    October 23, 1899. — March 27, 1900.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Equity — Holding of Prize Cup under a Trust — Bills involving Interests of trifling Amount — Wagering — Public Policy — Bill by some for all Members of a Class against some representing all of another Class.*

A bill in equity alleged in substance that a cup was held by the defendants under an agreement in the nature of a trust by which it was to be " raced for " on Labor Day of 1896, 1897, and 1898, and " to be delivered by the club holding the same immediately after such a race to the club represented by the bicycle team winning said race, and said cup to become the property of said club represented by the team winning the race " of 1898.   The N. Cycle Club, of which the defendants were members, won the cup in the race of 1897, and received the same from the winners of the preceding year, and have ever since held it " upon the trusts " aforesaid.   The T. Club, of which the plaintiffs were members, won in the race of 1898, and it became the duty of the N. Club to deliver the cup to the T. Club.   *Held*, that the bill sufficiently set forth a trust, and that it was the duty of the N. Club as the trustee holding the cup to deliver it to the T. Club

in accordance with the terms of the trust, and that that duty might be enforced under the general jurisdiction in equity.

The fact that a cup has a value apart from the sixty dollars which it cost, arising from its having been put up as a prize in a bicycle race and its having been won by one of the competing clubs, distinguishes this case, which is a bill in equity to compel another club to carry out the trust by virtue of which it holds the cup, from decisions, in which it is held that this court sitting in equity will not entertain jurisdiction of bills involving pecuniary interests of trifling amount.

Racing for a cup which was offered as a prize for a series of bicycle races between the members of three specified clubs, and was purchased by the voluntary sub-scriptions of persons not members of any of the three associations, is not betting, gambling, or wagering, and is not against public policy.

A bill in equity brought by some in behalf of all members of a class against some representing all members of another class is considered as brought by all the members of the plaintiff class against all the members of the defendant class, each class being represented by the particular members named in the bill as parties plaintiff and defendant; and it is not a suit which must be brought by an officer or under authority given so to do. The proper allegations as to why all the members of each class are not joined must be made in the bill, and the court must be satisfied at the hearing that those bringing the suit for all the plaintiffs, and those against whom the suit is brought as representing all the defendants, fairly represent the members of the class in question.

BILL IN EQUITY, by the plaintiff Wilkinson, and two others, on behalf of themselves and other members of the Thistle Road Club, against the defendant Stitt, and four others, and all other members of the New Bedford Cycle Club and the Crescent Cycle Club, the bill alleging that the Thistle Road Club and the New Bedford Cycle Club " are both voluntary associations or clubs, each having a large number of members, too numerous to name in this bill of complaint;" and that the Crescent Cycle Club " is a corporation duly organized according to law and located in said New Bedford." The prayer was that the New Bedford Cycle Club might be decreed to carry out and execute the trusts and agreement by which it held a certain cup and to deliver the same to the Thistle Road Club, and for an injunction. The defendants demurred, assigning various grounds therefor. The Superior Court sustained the demurrer, and the plaintiffs appealed. The facts appear in the opinion.

*M. R. Hitch,* ( *W. B. Perry* with him,) for the plaintiffs.

*F. A. Milliken & A. E. Clarke,* for the defendants, submitted the case on a brief.

HAMMOND, J. One of the grounds of demurrer is that the plaintiffs have a complete and adequate remedy at law, namely, replevin to recover the cup or trover for damages.

The bill sets out in substance that this cup is held by the defendants under a certain agreement in the nature of a trust by the terms of which the cup was to be " raced for for three consecutive years, to wit, the years 1896, 1897, and 1898," on Labor Day of each year, " the cup to be delivered by the club holding the same immediately after such a race to the club represented by the bicycle team winning said race, and said cup to become the property of said club represented by the team winning the race " of 1898.

The New Bedford Cycle Club of which the defendants are members won the cup in the race of 1897, and in accordance with the terms of the agreement received the same from the winners of the preceding year, and has ever since held the cup " upon the trusts " aforesaid.   The Thistle Road Club of which the plaintiffs are members won in the race of 1898, and therefore it became the duty of the New Bedford Club to deliver the cup to the Thistle Road Club.

We are of opinion that the bill sufficiently sets forth a trust, and that it is the duty of the New Bedford Club as the trustee holding the cup to deliver it to the Thistle Road Club in accordance with the terms of the trust, and that that duty may be enforced under the general jurisdiction in equity.

This is not a bill under Pub. Sts. c. 151, § 2, cl. 4, to compel the redelivery of goods secreted so that they cannot be redelivered, but is a bill to enforce a trust under the general jurisdiction. Even when the terms of a trust have been so far complied with that the fund has been reduced to money, the amount due the *cestuis que trust* ascertained and the only duty remaining upon the trustee is to pay over that amount, we have never supposed that the fact that an action for the money had and received would lie at law was sufficient to oust the jurisdiction of the court in equity to compel the delivery of the money of the *cestuis que trust* elected to proceed in that court.

And we see no reason why there should be any different rule where the only remaining duty of the trustee is to deliver the single identified chattel held by him in trust.   See *Holden* v. *Hoyt,* 134 Mass. 181, 184 *et seq.* and authorities cited.

This ground of demurrer must therefore be overruled.

The other causes of demurrer assigned by the defendant are

also without merit. The fact that the cup in question has a value apart from the sixty dollars which it cost, arising from its having been put up as a prize in a bicycle race and its having been won by the Thistle Road Club, distinguishes this case from *Cummings* v. *Barrett*, 10 Cush. 186 ; *Smith* v. *Williams*, 116 Mass. 510 ; and *Sandford* v. *Wright*, 164 Mass. 85, in which it was held that this court sitting in equity would not entertain jurisdiction of bills involving pecuniary interests of trifling amount. The contention that racing for this cup, which was offered as a prize for a series of bicycle races between the members of three specified clubs, and was purchased by the voluntary subscriptions of persons not members of any of the three associations, is betting, gambling, or wagering, or is against public policy, is too plainly untenable to require discussion.

The further contention that the bill is faulty in not alleging that the plaintiffs are authorized to bring suit, and in not alleging that the defendants are officers of, or authorized to act for, the New Bedford Cycle Club, or that they are individually in possession of the cup, is founded on a misapprehension of the character of the bills brought by some in behalf of all members of a class against some representing all members of another class. Such a suit is considered as being brought by all the members of the plaintiff class against all the members of the defendant class, each class being represented by the particular members named in the bill as parties plaintiff and defendant ; it is not a suit which must be brought by an officer or under authority given so to do. In such a suit, the proper allegations as to why all the members of each class are not joined must be made in the bill, and the court must be satisfied at the hearing that those bringing the suit in behalf of all the plaintiffs and those against whom the suit is brought, as representing all the defendants, fairly represent the members of the class in question.

*Demurrer overruled.*