## Ramsey, Appellant, *v.* Ramsey.

Argued January 4, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*F. Brewster Wickersham,* with him *Metzger & Wickersham,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, March 19, 1945:

This is an appeal from a dismissal of a bill in equity seeking to compel a husband to return to his wife, (whom he allegedly had deserted) $3400 which she claimed she had "delivered to the defendant, her husband, for safe-

keeping with the distinct understanding that the same would be returned to her upon the successful termination of the operation" she then contemplated undergoing. The court below held that the plaintiff had a full, complete and adequate remedy at law, and that this remedy must be resorted to.

The facts as pleaded make the fund in controversy prima facie a trust fund: *Werle v. Werle*, 332 Pa. 49, 1 A. 2d 244. There is, of course, an obvious distinction between a trust and a debt. "There is a fiduciary relation between trustee and beneficiary; there is not a fiduciary relation between debtor and creditor as such." "A trust is normally enforced by a suit in equity, although the beneficiary under certain circumstances can maintain an action at law against the trustee": Restatement of Trusts, Vol. 1, sec. 12, pp. 40, 41.

Under the facts pleaded the beneficiary of this trust could maintain an action *at law* as for a debt, but as we hereinafter point out, she is not bound to do so. We said in *Williams v. Finlaw, Mueller & Co., Inc.*, 292 Pa. 244, 247, 141 A. 47: "The mere fact that a remedy at law exists is not sufficient to oust equitable jurisdiction." In that case we emphasized the fact that the existence of a fiduciary relation between the parties is favorable to the assumption of jurisdiction by a court of equity.

In *Peoples-Pittsburgh Tr. Co. v. Saupp*, 320 Pa. 138, 182 A. 376, we held that where "there was an implied trust that appellee deliver to appellant" certain shares of stock issued as a stock dividend on the one hundred shares held by appellant as security for appellee's indebtedness to it, appellant had the right to go into equity to seek relief. In that case the court below had dismissed the bill on the ground that plaintiff had an adequate remedy at law. In decreeing the reinstatement of the bill we said that "a remedy at law would in this case be circuitous and probably inadequate."

In *Steinmeyer v. Siebert*, 190 Pa. 471, 42 A. 880, this court in an opinion by Justice FELL, said: "Where the

wrong is a betrayal of confidence equity will decree restitution, which may be enforced specifically against the wrongdoer." We held there that "A court of equity will sustain a bill to recover stock which it is alleged had been fraudulently obtained by one who stood in a confidential relation to the true owner of the stock."

In *Kirkpatrick v. McDonald, Executor,* 11 Pa. 387, this court said: "Whether, in this state, the legal tribunals ought, in the exercise of the chancery powers recently conferred, to assume cognizance of those cases where the action for money had and received affords a full remedy, it is not now necessary to consider; though, certainly, there can be no objection where the equitable remedy is the more convenient; as, for instance, where an account is incidentally requisite. . . . (p. 393) We think our tribunals should lean to a liberal exercise of the powers which the legislature, after a long hesitation, has conferred, . . ." In *Pennsylvania Railroad Co. v. Bogert,* 209 Pa. 589, 59 A. 100, this court said (quoting from an earlier case): "To induce equity to refuse its aid to a suitor, it is not sufficient that he may have some remedy at law. An existing remedy at law to induce equity to decline the exercise of its jurisdiction in favor of a suitor must be an adequate and complete one. And when from the nature and complications of a given case, its justice can best be reached by means of the flexible machinery of a court of equity, in short where a full, perfect and complete remedy cannot be afforded at law, equity extends its jurisdiction in furtherance of justice."

In *Bierbower's Appeal,* 107 Pa. 14, 18, we said: "The equitable remedy may be adopted solely on the ground that it is more convenient [1] than an action of assumpsit."

---

[1] In a footnote on p. 53 of 21 Corpus Juris it is said, quoting from *Sanderson v. Whitmyer,* 8 Pa. Dist. 312, 2 Dauph. Co. 174: "the doctrine of greater convenience applies only to cases attended with, or involving, *a trust* or fraud or partnership account, and not to cases where the legal remedy is *otherwise* adequate" (italics supplied).

In *Conemaugh Gas Company v. Jackson Farm Gas Company,* 186 Pa. 443, 40 A. 1000, this court upheld the jurisdiction of a court of equity in a case where it afforded "the most convenient[1] remedy for a just disposition of the questions involved in it, while the remedy afforded by a court of law is obviously inconvenient, and the adequacy of it is at least doubtful."

"But this element [of convenience] is almost invariably combined with other circumstances of inadequacy and is too indefinite safely to afford an independent ground" for equitable relief: 21 C. J. Sec. 29, p. 52. "The greater promptness of the remedy in equity is often given as a reason for sustaining its jurisdiction . . . but it relates rather to directness of remedy and the avoidance of circuity of action and multiplicity of suits": Ibid Sec. 30, p. 53.

Scott on Trusts, Vol. 2, sec. 198.3, p. 1075, makes this statement: "There is a difference of opinion on the question whether, where the beneficiary of a trust can maintain an action at law against the trustee and the remedy at law is an adequate remedy, it is an exclusive remedy and the beneficiary cannot maintain at his option a suit in equity against the trustee. In some cases it has been held that the remedy at law is exclusive. But the better opinion is that the beneficiary can maintain a bill in equity if he chooses. Lord ELDON once said : 'This Court [the Court of Chancery] will not allow itself to be ousted of any part of its original jurisdiction, because a court of law happens to have fallen in love with the same or a similar jurisdiction, and has attempted (the attempt for the most part is not very successful) to administer such relief as originally was to be had here and here only.' Similarly, in a Massachusetts case [*Wilkinson v. Stitt,* 175 Mass. 581, 56 N. E. 830] the court said: 'Even when the terms of a trust have been so far complied with that the fund has been reduced to money, the amount due the *cestuis que trust* ascertained and the only duty remaining upon the trustee is to pay over that amount, we have

never supposed that the fact that an action for the money had and received would lie at law was sufficient to oust the jurisdiction of the court in equity to compel the delivery of the money of [if] the *cestuis que trust* elected to proceed in that court.' . . . Certainly the mere fact that the trustee is liable in an action at law does not mean that he has ceased to be a trustee and has become a debtor."

In Volume 1 of the Restatement of the Law of Trusts, Sec. 197, appears the following: "Except as stated in Sec. 198, the remedies of the beneficiary against the trustee are exclusively equitable." Section 198 reads as follows: "If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment. If the trustee of a chattel is under a duty to transfer it immediately and unconditionally to the beneficiary and in breach of trust fails to transfer it, the beneficiary can maintain an action at law against him." Comment (a) reads as follows: "Although the beneficiary can maintain an action at law against the trustee as stated in this Section, he has also equitable remedies against the trustee." Section 199 declares that "the beneficiary of a trust can maintain a suit (a) to compel the trustee to perform his duties as trustee; . . . (c) to compel the trustee to redress a breach of trust." Comment (a) says: "It is immaterial that there is an adequate remedy at law (see Sec. 198)."

In Scott on Trusts, Vol. 2, Sec. 198, it is stated: "Although the remedies of the beneficiary against the trustee are ordinarily exclusively by a proceeding in equity, there are certain situations in which a remedy at law has been permitted. In these situations the liability of the trustee is definite and clear and no accounting is necessary to establish it. The first situation includes cases where the trustee is under an immediate and unconditional duty to pay money to the beneficiary. The second situation includes cases in which the trustee is under a

duty immediately and unconditionally to transfer a chattel to the beneficiary. In other situations it is held by the weight of authority that the remedies of the beneficiary are exclusively equitable." It is a corollary of the principle just cited that while the beneficiary of a trust may proceed to an action at *law* where the liability of the trustee is "definite and clear" (as in the instant case), the forum of equity is also open to him.

In *People v. Houghtaling,* 7 Cal. 348, 350, the court said: "The defendant is wrongfully in possession of a specific fund belonging to the plaintiff . . . he may be treated as a trustee de son tort," and it was held that plaintiff was entitled to proceed in equity. In *New York Insurance Company v. Roulet,* 24 Wend. 505, where a cargo of merchandise had been seized and condemned under the Berlin and Milan decrees, afterwards under treaty between the American and French governments, the underwriters received five thousand dollars as indemnity for the spoliation, it was held that the money thus received was held in trust for the assured, and the underwriters were required to pay it over. It was also held, in an opinion by Chief Justice NELSON,[2] that though an action of law might have been maintained for the recovery of the money, a bill in equity was proper, the jurisdiction of the Courts, in such cases, being concurrent.

In the instant case the facts pleaded makes the defendant a trustee of the $3400 "entrusted to him for safekeeping," and this trust fund is located in the bank of another state, to-wit, the First National Bank and Trust Company of Huntingdon, New York. While the plaintiff could undoubtedly maintain an action at law for the recovery of the definite sum of money of which she claims the defendant is trustee, this remedy is not exclusive.

Certainly the *less circuitous,* that is, the more "convenient" and "prompt" remedy, within the correct mean-

---

[2] Then (1840) Chief Justice of the Supreme Court of New York. Later Justice of the United States Supreme Court.

ing of those terms as used in decisions determinative of equity jurisdiction, for this plaintiff to employ to secure the return of her money now in the custody of a bank in a foreign jurisdiction, is the remedy she did employ, to-wit, a bill in equity filed against her husband in the jurisdiction where both are domiciled, for, of course, the decrees of equity act primarily in personam, and "equity jurisdiction depends upon the control of the court over the parties, by reason of their presence or residence and not upon the place where the property is situated in regard to which relief is sought." See Story's Equity Jurisprudence, 14th Ed. Vol. 1, Sec. 93, footnote.

The decree of the court below is reversed and the bill reinstated, with a procedendo. Costs to abide the final decree.