**PASCALE et al. v. EMERY et al.**

Civ. A. No. 50-382.

United States District Court
D. Massachusetts.

Jan. 8, 1951.

Allan R. Rosenberg, Boston, Mass., for plaintiffs.

Albert L. Goldman, Grant & Angoff, Sidney S. Grant, Boston, Mass., for defendants.

FORD, District Judge.

This is an action for libel brought originally against a number of named defendants in their individual capacities, and later amended to make it also a class action by naming one of these defendants, Frederick M. Kelley, also in the capacity of representative of all members of the International Union of Electrical, Radio and Machine Workers of America, C. I. O., (hereinafter called the International Union) and of all the members of Local 201 of that union. Defendants move to dismiss on the grounds that the requisite jurisdictional amount of $3,000 is not present, that no class action may be brought in this case, and that indispensable parties have not been joined.

■ The complaint alleges that plaintiff Pascale, an ordained minister of the gospel, and plaintiffs Scheiner and Stavis, practising attorneys, are the trustees of a fund held in trust for the benefit of the widow and children of one Russo, and are solely responsible for the expenditure of the money of this fund. It further sets forth the allegedly libelous statements as having been published in a paper and in a circular published by the individual defendants and by and for the two unions involved, and as consisting of statements that contributions were made from the Russo death fund to the Communist Party, the Daily Worker, and Communist front organizations, and alleges that defendants thus impliedly charged plaintiffs with misappropriating and diverting funds in violation of their trust. There was clearly a sufficient allegation of a cause of action for libel. Such a libel against a clergyman or a lawyer is one for which it cannot be said that plaintiffs may not in good faith hope to recover damages in excess of $3,000 and hence the contention that more that $3,000 is not in controversy must be rejected. Bell v. Preferred Life Assurance Society, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed 15; St. Paul Mercury Indemnity Co. v. Red Cab. Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845. This being an action for libel, and not for slander, it is of course unnecessary for plaintiffs to allege special damages. Restatement of Torts, § 569; Ingalls v. Hastings & Sons Publishing Co. 304 Mass. 31, 34, 22 N.E.2d 657.

■ The remaining objections of defendants go only to the action against Kelley as representative defendant in a class action and not to the action against the named defendants as individuals. Neither the International Union nor Local 201 can be sued here as an entity. No federal right is involved, so by Rule 17, Fed. Rules Civ. Proc. 28 U.S.C.A., the right to sue an unincorporated association as such depends on the law of Massachusetts, which does not permit such a suit. Tyler v. Boot & Shoe Workers Union, 285 Mass. 54, 188 N.E. 509. But the members of such an association may be joined through a representative as members of a class under Rule 23(a), F. R.Civ.P. Montgomery Ward & Co. Inc., v. Langer 8 Cir., 168 F.2d 182; Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, 4 Cir., 148 F.2d 403. Defendants err in supposing that this action is brought under sub-section (3) of Rule 23(a). It is not merely a case of a so-called spurious class suit, in which there is a common question of law or fact involved, and a common relief is sought. A libel can be a joint act of several persons who can be held jointly liable. The amended complaint here alleges that all the members of the unions have a common responsibility for the libel, and clearly must be read as basing the claimed liability of the members of the unions on their responsibility for the specific statements set forth, and not on a charge that each of them individually published his own separate libelous statement. Hence, the action appears to be a true class action under Rule 23(a) (1), involving the enforcement of a joint liability of all members of the class.

■■ Defendants' argument, however, seems to be based on the contention that under Massachusetts law a member of an unincorporated association cannot be held

liable for the act of another member merely on the basis of his membership, and that a judgment for damages in a class action such as this will be granted only against named members of the class who are shown to have participated in the tort, or to have known of it and consented to it. Malloy v. Carroll, 287 Mass. 376, 391, 191 N.E. 661; Sweetman v. Barrows, 263 Mass. 349, 355, 161 N.E. 272, 62 A.L.R., 311. But these cases recognize the right to prosecute the action as a class action, and to show at the trial the facts which will determine against which members of the class damages shall be awarded. That right of the plaintiffs in this case should not be foreclosed at this stage of the proceedings. Moreover, although plaintiffs may not here succeed in getting judgment for damages against all members of the class, they may desire, by joining them properly as defendants, to secure a binding determination of some of the issues to be tried here, e. g., whether or not the alleged statements were published, or whether or not they were libelous. Cf. concurring opinion of Circuit Judge Johnsen in Montgomery Ward & Co., Inc., v. Langer, supra, 168 F.2d at page 189. It would be improper to dismiss the class action at the present stage of the case.

■ There remains the question whether the naming of Kelley as representative of the unions is sufficient, or whether there are others whose joinder as representatives is indispensable. Kelley is the business agent of Local 201. He is one of the seventeen members of the administrative committee which is temporarily serving as the governing body of the International Union, and is also a district president of the International Union. At the present time the International Union has no regularly elected officers, although the administrative committee has chosen a chairman and secretary to carry out the duties of the officers. Under these circumstances, it appears that the joinder of Kelley alone as representative of the class is sufficient. Rule 23(a), F.R.Civ.P., merely requires the joinder of one or more members of the class who will fairly insure the adequate representation of all. No general rule can be laid down requiring that any particular officer or officers be named as representing an association. Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, supra; Fitzgerald v. Abramson, D.C., 89 F.Supp. 504; Wilkinson v. Stitt, 175 Mass. 581, 56 N.E. 830. The important question is whether in fact the representative or representatives named will adequately protect the interests of the whole class in matters involved in the litigation. Kelley holds responsible offices in both Local 201 and the International Union. Nothing has been suggested to the court to indicate that in the present action he cannot or will not adequately protect the interests of all the members of the unions.

The motion to dismiss is denied.