## Adler v. Adler

*Robert H. Arronson*, for plaintiff.
*Samuel Kenin*, for defendant.

KUN, P. J., October 25, 1951.—Plaintiff filed a complaint in assumpsit against her husband, from whom she had been separated, to recover:

1. Moneys expended by her out of her separate estate for her support and for the support of the two minor children of the parties; and

2. Money collected by defendant for and on behalf of plaintiff which it is alleged defendant misappropriated to his own use, and money charged to have been withdrawn by defendant from a joint account and fraudulently appropriated to his own use.

The preliminary objections filed by defendant were sustained as to (1) and dismissed as to (2), with leave to amend. Plaintiff has filed an amended complaint to the same effect, to which defendant has filed the same objections.

The renewed objections of defendant will be disposed of in the same manner as they were before. It was decided in Scott v. Scott, 80 Pa. Superior Ct. 141, that by virtue of the Municipal Court Act of April 12, 1913, P. L. 711, and its amendments, the municipal court has exclusive jurisdiction of proceedings for support and maintenance brought by a wife against her husband in Philadelphia County. In Kemnitzer v. Kemnitzer et al., 335 Pa. 105, 110, it is made clear that the prior general Act of May 23, 1907, P. L. 227, which empowered a wife to bring action in law or in equity against her husband, for maintenance and support, had been superseded by the Municipal Court Act, citing the Scott case and emphasizing the point that the act creating the municipal court conferred jurisdiction over such cases "even in equity".

Plaintiff here seeks the right to proceed in the common pleas court on the basis of the fact that what she is claiming is reimbursement for past support. The Municipal Court Act permits no such distinction. Indeed, if plaintiff's theory were adopted, no wife

would ever have to go into the municipal court for a support order, but after spending some money for her support, either out of her separate estate or borrowed money, could come to the common pleas court periodically, claiming reimbursement for past support. Obviously this would nullify the whole purpose of the Municipal Court Act in respect to domestic relations.

There may be some circumstances in which a deserted wife may recover reimbursement for her past support if, for instance, the husband cannot be served with process on the wife's timely application to the municipal court for a support order and she is obliged in the meantime to use her own separate estate or borrow money to support herself. However that may be, litigation with respect thereto, whether in law or in equity, would have to be instituted in the municipal court. The cases urged by plaintiff to support her theory that there is jurisdiction in the common pleas court to sustain her action in this respect have no application to such litigation as is before us. Both Shaffer Estate, 68 D. & C. 351, and In re Hannon, 52 D. & C. 160, were cases in which the State was permitted to recover from husbands reimbursement due it for the maintenance of incompetent wives in State institutions. These proceedings were had under specific legislation authorizing such actions; and the New York case cited, DeBrauwere v. DeBrauwere, 203 N. Y. 460, did not involve the question at all of whether the case was in the right court, but merely held that inasmuch as the former disabilities of married women had been removed, there was no reason why she should not be permitted to recover money previously expended for the support of herself and her children. In Philadelphia, however, the municipal court has exclusive jurisdiction of such cases between husband and wife.

Accordingly, defendant's objections to the part of plaintiff's complaint above referred to are sustained.

With reference to the other claim of plaintiff against her husband, referring to moneys allegedly collected for her, and misappropriated by him, this charge is something in the nature of a breach of trust and she has a clear right to proceed with this claim against her husband, either in law as she has done here, or in equity: Ramsey v. Ramsey, 351 Pa. 413.

In another branch of this portion of plaintiff's claim, for one half of a joint bank account allegedly destroyed by the husband by withdrawing it and buying an automobile for himself in his own name, she also has the right to proceed: Berhalter v. Berhalter et al., 315 Pa. 225. While that action was in equity, there is no reason why plaintiff should not be permitted to proceed at law where no accounting is asked for, but the money in controversy is specifically pleaded. Wakefield v. Wakefield, 149 Pa. Superior Ct. 9, on which defendant relies, is not applicable here because there was no allegation either of fraud on the part of the husband in the way of diversion of rents from jointly owned real estate to his own use, or that he was not supporting his wife. Plaintiff seeks in this part of her claim to recover one half of a mortgage allegedly held by her and her husband as tenants by entireties. Obviously, that is quite impossible. However, as to the interest collected by defendant, if misappropriated by him to his own use and not used for their joint benefit, the claim is sustainable. This question will have to be determined at the trial.

Accordingly, defendant's objections to this portion of plaintiff's complaint are dismissed, with leave to defendant to file an answer thereto on the merits within 20 days.