## Blake v. Blake

*John H. Clark, Jr.*, for plaintiff.
*Robert A. Wright*, for defendant.

DIGGINS, J., January 7, 1955.—Plaintiff brought an action in assumpsit against defendant on a prenuptial verbal contract to which action defendant filed preliminary objections based on the Act of June 8, 1893, P. L. 344, which, while granting to married women the right to sue and be sued, provides, inter alia, that a husband may not sue her except in a proceeding for divorce or in a proceeding to protect or recover his separate property.

The record discloses that prior to the marriage of the parties to this suit, defendant wife was indebted

to her brother, Arthur H. Rothwell, Jr., in the sum of $1,405 and she was at the same time owner of a residential property situate at 1831 West Fourth Street, Chester, Delaware County, Pa., and still prior to the marriage, the complaint alleges that on September 16, 1952, plaintiff and defendant entered into an oral prenuptial contract whereby plaintiff agreed to assume personal liability for defendant's debt to her brother upon defendant's promise to convey her residential property to plaintiff and defendant as tenants by the entireties as soon as the parties were married, and the complaint further avers that two days later, to wit, September 18, 1952, pursuant to said contract, plaintiff signed a judgment note payable to the order of Arthur H. Rothwell, Jr., brother of defendant, in the amount of $1,405, and the complaint avers that on the following day, to wit, September 19, 1952, plaintiff and defendant were joined in marriage and thereafter by monthly payments plaintiff amortized the debt which he had assumed in the total amount of $900 over a period of 15 months, and the complaint further alleges that on several occasions following the marriage, plaintiff demanded that defendant create a tenancy by the entireties in the premises, offering to pay the cost of the conveyance, all of which it is alleged she refused to do, and the suit is brought for the principal sum of $900, plus interest, in monthly installment payments.

In the preliminary objections filed, defendant denies the right of plaintiff to maintain the suit on the ground that plaintiff husband is barred by the Act of June 6, 1893, and that the complaint does not allege that defendant wife has any of plaintiff's separate property which he is seeking to protect or recover.

The selfsame question here involved was before the Superior Court of Pennsylvania in the case of Turner v. Turner, 169 Pa. Superior Ct. 120, where the com-

plaint alleged that prior to the marriage of the parties the husband promised the wife that if after their marriage she would live with him in a property owned by him, he would make necessary improvements and repairs to make the dwelling house habitable and would place the property in their joint names as tenants by the entireties in reliance upon which the wife paid to a third person the sum of $1,166.33 at the husband's request for necessary repairs and improvements, which payment was made out of the wife's own funds acquired prior to the marriage, and the husband refused to convey the premises to himself and wife as tenants by the entireties but promised to reimburse the wife for the money which she had expended for improvements and repairs as aforesaid. Preliminary objections were filed averring that the complaint did not set forth a contract between plaintiff and defendant because of lack of consideration and that the complaint could not be brought by a wife against a husband under the Act of June 8, 1893, as amended, which preliminary objections were sustained by the court below. Relying upon Morrish v. Morrish, 262 Pa. 192, 105 Atl. 83, the Superior Court held that when the purpose of the Act of 1893 is considered, it is apparent the term "separate property" is not used therein in any technical, but in a broad and comprehensive sense, and on Ramsey v. Ramsey, 351 Pa. 413, reversed the lower court with directions to require defendant to answer on the merits.

Defendant in the present case seeks to distinguish Turner v. Turner, supra, first because in the present case plaintiff is the husband instead of the wife. There is no merit in this contention. The Act of 1893 specifically reserves the right to sue for separate property not only to the husband but to the wife and uses exactly the same language when speaking of either spouse. Secondly, defendant asserts that in Turner v.

Turner, supra, plaintiff was not only the wife but a deserted wife. We see no merit in this suggestion. Further by way of attempted distinction, defendant avers that in the Turner case, supra, the funds expended were all for repairs and alterations to the building itself, increasing its value, whereas in the present case there is no allegation that defendant's property was enhanced in value by the creditor who was paid by the husband.

The right to sue under the act of assembly and the law of contracts is not affected by the use to which the funds are put and defendant suggests that in the Turner case, supra, the money was paid to the third party at the request of defendant whereas in the present case the complaint merely avers that plaintiff and defendant orally entered into a prenuptial contract. However, a reading of paragraph 5 of the complaint reveals all of the necessary averments of a contract. Where a contract *requires* one to do a particular act, no further request is necessary. We think these distinctions are without merit and that the Turner case, supra, properly controls the issue here.

In the present case, defendant in the preliminary objections filed asks the court to dismiss plaintiff's complaint in assumpsit. While the court has authority to enter summary judgment against plaintiff in proper cases, nevertheless the court is of the opinion that the facts in the present case do not meet the test necessary to sustain a dismissal of the complaint.

In Davis, et al., v. Investment Land Co., 296 Pa. 449, 146 Atl. 119, it was said that in determining whether or not a summary judgment should be entered on a demurrer, two rules must be applied: (1) The question to be decided is not whether the statement of claim is so clear in both form and specification as to entitle plaintiff to proceed to trial without amending it, but whether upon the facts averred it shows

228

with certainty that the law will not permit a recovery by plaintiff, and (2) where doubt exists as to whether or not summary judgment should be entered, this should be resolved by refusing to enter it. See also, Sun Ray Drug Co. v. Lawler, 366 Pa. 571 and cases therein cited.

It follows that since the present complaint does *not* show with certainty that the law will not permit a recovery by plaintiff but on the contrary will sustain a recovery if the facts alleged are proved, the complaint cannot be dismissed and we make the following

*Order*

And now, to wit, January 7, 1955, it is ordered, adjudged and decreed that the preliminary objections be and the same are hereby dismissed and defendant is directed to file an answer on the merits within 20 days.