## McMullen v. McMullen

*Reed, Ewing, Orr & Reed,* for plaintiff.
*Stewart P. McConnel,* for defendant.

SOHN, J., June 13, 1960.—At no. 3, September term, 1943, in equity, the court, after trial and an adjudication and decree nisi, entered a final decree directing Ralph W. McMullen to pay to plaintiff, Evadna M. McMullen, the sum of $100 each month for the support of defendant's wife and daughter. The matter was reviewed by the court in 1959, and after an adjudication and decree nisi, a final decree was entered March 10, 1959. In that decree, support for the daughter was terminated, nunc pro tunc as of October 22, 1948, arrearages of $2,200 were to be paid within 90 days and defendant was directed to pay $100 per month for the support of his wife. Subsequently, defendant paid all arrearages to January 1, 1959, plus the sum of $47.79. No payments were made subsequently. Evadna M. McMullen died December 29, 1959. As of that date, defendant owed $1,152.21. The executrix of the last will and testament of Evadna M. McMullen, on petition, secured the issuance of a rule directed to defendant to require him to pay the arrearages. Defendant petitioned the court for an order absolving him from payment of the arrearages accumulated to the date of death of Evadna M. McMullen. There is no factual issue. Counsel for the respective parties have submitted the legal issue on the petition filed with the court.

The only issue presented for our determination is whether or not a husband who is delinquent in payments under a support order entered in an action in equity, is legally obligated to pay the arrearages due on the date of death of his wife. Careful research has failed to disclose a decision on this precise question.

In Clark v. Clark, 6 W. & S. 85, the wife had been awarded a divorce a mensa et thoro and the decree included an award of support payments to her. The husband made no payments and left the jurisdiction. The wife secured the issuance of a writ of foreign attachment. She died before the same came to trial. The husband contended that the right to recover arrearages did not survive the wife. The court held that it did, but the decision is supported by the equitable theory that otherwise the wife's creditors could not recover. Reference to Clark v. Clark, supra, is had in Freedman Law of Marriage and Divorce in Pennsylvania, vol. 2, page 1010, sec. 487, as follows:

"A somewhat different situation occurs where death overtakes the wife in whose favor there exists an award of permanent alimony. In such a situation it has been held that arrears of alimony unpaid at the death of the wife may be recovered by her administrator for the benefit of her creditors, although it was at the same time indicated that in the absence of creditors such arrears cannot be collected by her administrator. The latter distinction would appear to be unsound in modern times, since it was founded upon the now obsolete principle that the husband acquired all of his wife's estate upon her death."

In Bouslough v. Bouslough, 68 Pa. 495, 499, Mr. Justice (later Chief Justice) Agnew said:

"So also arrears of alimony unpaid at the death of the wife, cannot be collected by her administrators. Yet the rule changes if the husband has evaded payment and thereby compelled the wife to contract debts,

and there the administrator may recover the arrears for the benefit of the creditors. So the rule that forbids the wife to avoid the voluntary assignment or gift of her husband, must change when her relation to him changes. There is no reason why a wife whose husband has deserted her, and refused to perform the duty of maintenance, or who by cruel treatment has compelled her to leave his house, and commence proceedings for divorce and maintenance, should not be viewed as a quasi creditor in relation to the alimony which the law awards to her. So long as she is receiving maintenance, and is under his wing as it were, she is bound by his acts as to his personal estate; but when she is compelled to become a suitor for her rights, her relation becomes adverse and that of a creditor in fact, and she is not to be balked of her dues by his fraud. But it is argued that this cannot exist until a decree be made for the alimony."

An examination of the testimony in this case impels the conclusion that defendant deliberately put aside his wife for the specific purpose of living with another woman. Surely the conclusion is warranted that, by his conduct, she was placed in the situation of being a quasi creditor in relation to the support payments which defendant was directed to pay to her. In 27 Am. Jur., §430, page 35, the following statement appears:

"While the operation and effect of an order or decree for the support of the wife terminate at her death, it can be enforced against her husband's estate after his death for arrears incurred during his lifetime. The order or decree for such purpose is to be regarded as a debt of record established by a judgment, although the liability for unpaid alimony or maintenance may not, strictly speaking, be a debt within the legal meaning of that word."

In 17 Am. Jur. §701, page 752, the following statement appears:

"The basic idea of alimony is that it is an allowance for the support of the wife; and where it takes the form of stated payments, it is therefore terminated upon the death of the wife, since the object for which it was granted no longer exists. But where, as is frequently the case, a sum in gross is awarded upon absolute divorce, the wife has an absolute right to the amount awarded, which may be enforced by her heirs, for such award is regarded as a division of property, rather than as an allowance for support, notwithstanding provision is made for the payment of the gross sum in installments and the wife dies before the entire sum is paid.

"An action by a woman to recover unpaid installments of alimony under a decree of divorce is not abated by her death, but her personal representative may be substituted in her place and prosecute the action to termination."

We conclude, in view of the various statutes relating to the property rights of married women, that a creditor relationship is not necessary to support a claim by the personal representative of the wife. The modern view is clearly expressed by Judge Gunther in Adler v. Adler, 171 Pa. Superior Court 508, 510, as follows:

"Here, appellant secured an order of support for herself and her children on June 12, 1951, so that the question of whether the wife is entitled to support or whether she left without legal cause has therefore been adjudicated in her favor. Where the husband neglects his duty of support, one who supplies such necessaries is considered as having conferred a benefit upon the delinquent husband for which the law raises, on the part of the husband, an implied promise to pay. Cf. Restatement, Restitution, §76, illustration 5, 113-117. Where, as here, a deserted wife has used or applied her own separate estate in the discharge of an obliga-

tion resting primarily on the husband, the law imposes a quasi-contractual relationship to reimburse the deserted wife for expenditures which she had expended from her separate estate in providing herself with support in a manner in keeping with his financial circumstances and earning power. Cf. *Dunn v. Dunn*, 27 D. & C. 716; *DeBrauwere v. DeBrauwere*, 203 N. Y. 460, 96 N. E. 722.

"Although this precise question has never been before our appellate courts, the clear and obvious language of the statutes conferring on married women control of their separate property and the capacity to sue and be sued leaves no doubt but that such right exists in favor of the wife. It is interesting to observe that there has been an unanimity of judicial thinking in the lower courts upholding the wife's right to reimbursement in these circumstances. Cf. *Dunn v. Dunn, 27 D. & C. 716; Clark v. Clark, 17 D. & C. 500; Mull v. Mull, 13 Somerset 234; Shaffer Estate, 68 D. & C. 351, 357; In Re Hannon, 52 D. & C. 160.* See *Commonwealth ex rel. v. Caughey, 76 D. & C. 305 at 307* wherein the Court said: 'In Pennsylvania we have established the wife's right to sue him in assumpsit in any civil court of competent jurisdiction for past sums advanced by her for her maintenance or that of their children.' Cf. *Turner v. Turner, 169 Pa. Superior Ct. 120, 82 A. 2d 320,* where a deserted wife's right to sue her husband was implied where she sought to recover payments she made to third persons out of her own separate funds for repairs and improvements to premises owned by her husband. In *Dunn v. Dunn, 27 D. & C. 716,* the wife instituted suit in assumpsit for moneys expended out of her separate estate for her support and the support of children. The court, in upholding this right, said at page 717: 'A husband and father is under a natural obligation to furnish necessaries of life to his family, suitable to their con-

dition, and if he neglect that duty, the person who supplies such necessaries is deemed to have conferred a benefit upon him for which the law raises on his part an implied promise to pay. Plaintiff, having applied her separate estate to the fulfillment of the obligation resting primarily on her husband, is entitled to recover from him such sum as he would have been compelled to expend in discharge of his obligation.' "

In Commonwealth to use v. Foltz, 50 Pa. Superior Ct. 577, 578, Judge Orlady said:

"The defendant urges as a defense to this action of assumpsit that by reason of the decree of divorce made in the court of common pleas of Lawrence county, he is relieved from any obligations under the order made in the court of quarter sessions of Allegheny county, for the reason 'that the earlier order was made solely for the purpose of providing the necessaries of life for his wife and children and that the order cannot be enforced for the breach of the condition in his recognizances during the time which such necessaries of life and funds for sustenance have been provided for the claimant from other sources.' The court below discharged the rule for judgment for want of sufficient affidavit of defense. No authority is furnished us to sustain this conclusion. The recognizance was a valid one and voluntarily entered into. The payments thereon provided for the support and maintenance of the wife and children; not as alimony or expenses pendente lite. The payments provided for were clearly defined and the amount could be liquidated at any time. The only defense to such a recognizance is payment in compliance with its conditions. These were never modified by the court of quarter sessions of Allegheny county, and the decree of divorce by the court of common pleas of Lawrence county did not in the least manner affect the integrity or value of the recognizance. That others aided the deserted wife in maintaining herself and

children is not in good conscience to be pleaded by the defaulting husband, who admits his own neglect of duty. Such a defense could not be tolerated. The duties, rights and claims accruing to him in pursuance of his marriage which ceased and determined with the decree of divorce, did not apply to his existing financial obligations that were legally fixed prior thereto."

In Commonwealth v. Cieply, 162 Pa. Superior Ct. 346, 349, Judge Fine said:

"The appellant challenges the power of the lower court to compel compliance with any order of support, including an order for the payment of arrearages, after the right of support has ceased. To so hold is to contradict the clear language of the statute. Cf. *Commonwealth ex rel. v. Parker, 59 Pa. Superior Ct. 74; Commonwealth, to use, v. Foltz, 50 Pa. Superior Ct. 576.*"

This case, while instituted to secure support for the wife, is actually an action in equity. Pertinent thereto are two statutory provisions. Section 601 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.601, reads as follows:

"All causes of action or proceedings, real or personal, except actions for slander or libel, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants."

The act has been applied in permitting an action for separate maintenance by a deserted wife to survive the death of her husband: Malone v. Malone, 82 D. & C. 479 (Franklin County, 1952). The situation before the court in that case was, of course, the converse of that here. However, much of the language in the opinion, pointing out that the wife's separate estate had been depleted by the husband's violation of his duty to support, is peculiarly relevant here. The court said, at pages 481-83:

"A husband is under a common-law duty to support his wife, that is, furnish her with proper maintenance: *Shaffer Estate, 68 D. & C. 351.* The wife's maintenance may be recovered by her either by a civil action at law or in equity as provided in the statute, hereinbefore referred to, and also by proceeding in the criminal courts. The obligation of the husband for maintenance of his wife extends throughout the married life unless the wife has done something which precludes her from being entitled to maintenance from her husband. When a husband deserts his wife and fails to provide for her maintenance, she is clearly entitled to maintenance from the time of the desertion, or, at least, from the time that she commences her civil suit to recover such maintenance from the husband: 27 Am. Jur. 24, §415; *Graves v. Graves, 36 Iowa 310, 14 Am. Rep. 525; Clark v. Clark, 17 D. & C. 500.* There seems to be no good reason why a wife, entitled to maintenance from the time her husband deserted her or from a time when he first failed for some reason to furnish her with maintenance, should not be entitled to recover for the whole time regardless of when she first brings the civil suit or when the civil suit is finally decided. The civil obligation of a husband to support his wife is on the theory of an implied contract with her by reason of the marriage relationship. A civil action brought by a wife against her husband for maintenance is fundamentally an action based on a contract implied from the circumstances. It may be brought at law or in equity and may be in personam or in rem or both in accordance with the Act of May 23, 1907, P. L. 227, as amended, 48 PS §§131, 132, as the case may be: *Scureman v. Scureman et al., 76 D. & C. 242.* Why should not an action brought by a wife for maintenance against her husband, who dies during the pendency of the action, survive the death of the husband so that the wife can recover proper maintenance from the time

of the husband's desertion or other failure to maintain her to the time of the husband's death? What good reason is there that the husband's estate should not be liable for such maintenance? Why should his heirs, legatees or devisees be enriched by precluding the wife from recovery from his estate that which accrued to her during his lifetime? A civil action by the wife against her husband is surely within the purview of Section 601 of the Fiduciaries Act."

The Act of March 29, 1859, P. L. 289, sec. 1, 12 PS §1225, provides as follows:

"Decrees in equity, for the payment of money, shall be and constitute a lien on the real estate of the defendants or debtors named in the said decree, in the manner, for the like period, and with the same force and effect, as the lien of judgments rendered by and in the common law courts of this commonwealth, and shall be entered in like manner in the judgment or lien docket of the proper county; and the complainant or plaintiff in such decree shall have the like remedy, by writ of scire facias or otherwise, for the revival and continuance of the said lien, as is prescribed by existing laws for the continuance of the lien of such judgment; and the proceedings under such writ of scire facias, or other process, and the entry of a decree of revival may be regulated, so far as is necessary, by rules ordained by the proper court."

We conclude that Ralph W. McMullen is legally indebted to the estate of Evadna M. McMullen under the decree in equity for arrearages of support payments due and payable on the date of her death under the decree of this court.

### Order

And now, to wit, June 13, 1960, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that the rule issued at the above number and term be, and it is hereby made absolute as to de-

fendant's obligation to pay arrearages for support to the date of death of Evadna M. McMullen.